## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**DESIRE HODGE**, individually, and on behalf of
all others similarly situated,

                             Plaintiff,

      -against-

**SIGNIA MARKETING, LTD,** and
**JEFFREY FELL**

                      Defendants.

Civil Action No.:

**COLLECTIVE ACTION COMPLAINT**

**JURY DEMAND**

Plaintiff, **DESIRE HODGE** (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, as and for their Complaint, alleges Defendants **SIGNIA MARKETING, LTD** and **JEFFREY FELL**'s (collectively, the "Defendants") failure to pay Plaintiff and all other similarly situated employees overtime compensation and for time worked off the clock as well as other unlawful labor practices as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the FLSA in connection with Defendants' commonly applied policy and practice in violation of their statutory obligations to pay Plaintiff and the putative collective members overtime compensation and wages for working off the clock.

3.  Plaintiff proposes two (2) FLSA collectives in this action, one on behalf of all Customer Service Representatives and the other one on behalf of all Supervisors employed by Defendants.

4.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal wage and hour statutes and regulations, in the manner described herein.

5.  Specifically, Defendants' labor violations are as follows:

    a.  Paid Plaintiff and others similarly situated at straight time rate for overtime hours recorded;

    b.  Failure to record hours that Plaintiff and others similarly situated worked off the clock; and

    c.  Failure to compensate Plaintiff and others similarly situated at time and a half (1.5) their regular rate of pay for hours worked beyond forty (40) in a work week.

6.  Defendants were sued in *Noah v. Signia Marketing, LTD et al*, civil docket no. 1:15-cv-00353-LTB-MEH, for similar labor violations.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

2

## THE PARTIES

9.  Defendant, **SIGNIA MARKETING, LTD**, (hereinafter "**SIGNIA**") is a domestic limited liability company organized and existing under the laws of the State of Colorado.

10. **SIGNIA** has its principal office address at 3801 E. Florida Ave. Suite 101, Denver, CO 80210.

11. **SIGNIA** has its registered agent, VGS Enterprises, LTD., located at 3801 E. Florida Ave. Suite 101, Denver, CO 80210.

12. **SIGNIA** has an annual gross volume of business exceeding $500,000.00.

13. **SIGNIA** is actively doing business in the State of Colorado.

14. Upon information and belief, Defendant, **JEFFREY FELL**, is the owner and operator of **SIGNIA.**

15. Upon information and belief, **JEFFREY FELL** managers and operates **SIGNIA**.

16. **JEFFREY FELL** determined the wage and hour policies and practices that affected Plaintiff and all other similarly situated employees.

17. **JEFFREY FELL** offices at 3888 E. Florida Ave., Suite 101, Denver, Colorado 80210.

18. At all relevant times herein, Plaintiff was and is a resident of Denver County in the State of Colorado.

19. Plaintiff worked for Defendants as an hourly paid employee from April 2014 to January 2015, and from July 2015 to the present.

20. From April 2014 to June 2014 and from July 2015 to the present, Plaintiff worked as a Customer Service Representative.

21. From June 2014 to December 2014, Plaintiff worked as a Supervisor.

## FACTUAL ALLEGATIONS

22. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

23. **SIGNIA** is a privately held establishment, operating and doing business as call centers providing customer service for its clients.

24. Defendants operate and control an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

25. At all times material and relevant herein, **SIGNIA** has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

26. At all times material and relevant herein, Defendants are the "employer" of Plaintiff and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

27. At all times material and relevant herein, Plaintiff and all other similarly situated employees were and are "employees" within the meaning of 29 U.S.C. §203(e).

28. At all times material and relevant herein, Defendants either directly or indirectly hired Plaintiff and all other similarly situated employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

29. At all times material and relevant herein, Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and all other similarly situated employees.

30.  Plaintiff and all other similarly situated employees were paid an hourly rate of compensation.

4

31. The pay of Plaintiff and all other similarly situated employees depended on the amount of hours worked each week.

32. Defendants never claimed any overtime exemption for Plaintiff or any other similarly situated employees.

33. Defendants were aware of their obligations to pay overtime premium to non-exempt employees.

34. Plaintiff and all other similarly situated employees were forced by Defendants and regularly worked overtime without proper pay.

35. When Plaintiff worked as an hourly Supervisor, Defendants automatically deducted lunch breaks from her pay even though she worked through many of those unpaid lunch breaks.

36. In order to deduct a lunch break from an employee's compensable time, the employee must be completely relieved of her employment duties for the entire 30 minutes. 29 CFR 785.19(a) states:

> Bona fide meal periods. Bona fide meal periods are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. **The employee must be completely relieved from duty for the purposes of eating regular meals**. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. ***The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating***. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating. (emphasis added).

37. When Plaintiff worked as an hourly Supervisor, she performed work after she clocked out at

the end of the day, such as writing and sending work emails and making work related phone calls, which Defendants failed to compensate.

38. Throughout Plaintiff's employment with Defendants, Plaintiff was paid at straight time rate for overtime hours recorded during many workweeks.

39. The other Supervisors and Customer Service Representatives were paid in a similar manner.

40. For example, when Plaintiff worked as a Customer Service Representative, for the pay period beginning April 27, 2014 and ending May 10, 2014, Plaintiff worked at least 136.50 hours during that two-week pay period but was paid at a straight time rate for all those hours.

41. For the pay period beginning April 27, 2014 and ending May 10, 2014, Plaintiff did not receive any premium pay for overtime.

42. For the pay period beginning April 27, 2014 and ending May 10, 2014, Plaintiff was shorted at least $240.125 in overtime wages. This does not include liquidated damages, attorney's fees or costs.

43. Another example is the pay period beginning October 26, 2014 and ending November 8, 2014 when Plaintiff worked as a Supervisor. Plaintiff worked at least 151.70 hours during that two-week pay period but was paid at straight time rate for all those hours. The paid hours did not include any compensation for working through unpaid lunch breaks and/or time spent working off the clock.

44. For the pay period beginning October 26, 2014 and ending November 8, 2014, Plaintiff did not receive any premium pay for overtime.

45. For the pay period beginning October 26, 2014 and ending November 8, 2014, Plaintiff was shorted at least $430.2 in overtime wages. This does not include wages for working off the clock, liquidated damages, attorney's fees or costs.

46. Plaintiff and all other similarly situated employees were not properly compensated for all overtime hours they worked.

47. Plaintiff and all other similarly situated employees were compensated improperly for the overtime hours worked since they were paid at a straight rate of pay with no premium for the overtime.

48. At all relevant times herein, Defendants maintained control, oversight, and direction over Plaintiff and the putative collective members, including the promulgation and enforcement of policies affecting the payment of wages.

49. Upon information and belief, at all times material and relevant herein, Defendants failed to keep full and accurate records of Plaintiff's and all other similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

50. At all relevant times, Plaintiff and all other similarly situated employees worked in the manner described above and Defendants encouraged, instructed, and required them to work in such manner.

51. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administration. regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Colorado Department of Labor and Employment, or any administrative practice or enforcement policy of such departments.

52. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were/are willful, arbitrary, unreasonable and/or in bad faith.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set

forth herein.

54. Plaintiff brings this collective action individually and on behalf of all other similarly situated employees, who were/are affected by Defendants' willful violations of the FLSA as described in this Complaint.

55. Plaintiff brings this claim for relief for Defendants' intentional violations of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff proposes two (2) Collectives in this case.

56. The Customer Service Representative Collective is defined as follows:

> **All current and former hourly-paid Customer Service Representatives of SIGNIA from December 2012 through the present.**

57. The Supervisor Collective is defined as follows:

> **All current and former hourly-paid Supervisors of SIGNIA from December 2012 through the present.**

58. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

59. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative collective members are similarly situated in that they are all subject to Defendants' commonly applied policy and/or practice of failing to pay overtime and time worked off the clock.

60. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

> (a) Whether Defendants are liable to Plaintiff and the putative class members for violations under the applicable wage and hour laws;

8

(b) Whether Plaintiff and the putative class members worked off the clock;

(c) Whether Plaintiff and the putative class members worked overtime; and

(d) Whether Defendants failed to pay Plaintiff and the putative class members overtime and time worked off the clock.

61. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' commonly applied policy and practice, as alleged herein. Like all Class members, Plaintiff was damaged by Defendants' commonly applied policy and practice of failing to pay overtime and time worked off the clock.

62. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least forty (40) putative class members have worked for Defendants during the applicable statutory period, without receiving appropriate overtime compensation, as required by law.

63. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

64. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a classwide basis

instead of on a repetitive individual basis;

b.  Despite the size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

c.  No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

65. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

66. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

67. Plaintiff and the proposed collective members demand a trial by jury.

### FIRST CLAIM FOR RELIEF
**(Individual Claims for Violation of FLSA)**

68. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

69. Plaintiff was required by Defendants and regularly worked overtime and off the clock.

70. Defendants failed to compensate Plaintiff overtime and for time worked off the clock, in violation of the FLSA.

71. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

72. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

73. As a result of the foregoing, Plaintiff was illegally denied overtime compensation, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
**(Collective Action Claims of Customer Service Representatives for Violation of FLSA)**

74. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

75. Plaintiff and all other Customer Service Representatives were required by Defendants and regularly worked overtime.

76. Defendants failed to compensate Plaintiff and all other Customer Service Representatives overtime compensation at time and a half (1.5) their regular rate of pay, in violation of the FLSA.

77. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

78. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

79. As a result of the foregoing, Plaintiff and the putative collective members were illegally deprived of overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## THIRD CLAIM FOR RELIEF
### (Collective Action Claims of Supervisors for Violation of FLSA)

80. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

81. Plaintiff and all other Supervisors were required by Defendants and regularly worked overtime and off the clock.

82. Defendants automatically deducted lunch breaks from Supervisors' pay even though they worked through many of those unpaid lunch breaks.

83. Defendants failed to compensate Plaintiff and all other Supervisors overtime compensation at time and a half (1.5) their regular rate of pay, in violation of the FLSA.

84. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

85. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

86. As a result of the foregoing, Plaintiff and the putative collective members were illegally deprived of overtime compensation and wages for working off the clock, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated

damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A.    A declaratory judgment that Defendants' wage policy and practice alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

B.    An Order certifying the FLSA collectives for both Customer Service Representatives and Supervisors;

C.    An Order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and each putative collective member during each workweek;

D.    Judgment for damages for all unpaid overtime compensation and wages for working off the clock owed to Plaintiff and the putative collective members during the applicable statutory period under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation and wages for working off the clock owed to Plaintiff and the putative collective members during the applicable statutory period;

F.    An order directing Defendants to pay Plaintiff and the putative collective members reasonable attorney's fees and all costs connected with this action;

G.    Incentive award for the lead Plaintiff(s);

H.    An order for injunctive relief and permanently enjoining Defendants from future violations of the FLSA;

I.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J.    Judgment for any and all civil penalties to which Plaintiff and all putative collective members may be entitled; and

K.    Such other and further relief as to this Court may deem necessary, just and proper.


Dated: December 31, 2015

Respectfully submitted,

**JTB LAW GROUP, L.L.C.**

By: _____
Jason T. Brown
Zijian Guan
Phone: (877) 561-0000
Fax: (855) 582-5297
jtb@jtblawgroup.com
cocozguan@jtblawgroup.com

*Attorneys for Plaintiff*