IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02839–KMT

DESIRE HODGE, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

SIGNIA MARKETING, LTD, and
JEFFREY FELL,

Defendants.

---

**ORDER**

---

This matter is before the court for final approval of a settlement following the fairness hearing on November 27, 2017.

The Fair Labor Standards Act ("FLSA") provides that an employee or multiple employees may bring an action "[on] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Second Amended Complaint [Doc. No. 26] was filed on March 17, 2016. On June 13, 2016, this court conditionally certified the collective as, "all former and current hourly workers of Defendants from December 31, 2012 to the present who were paid at a straight time rate for overtime." [Doc. No. 32.]

On October 24, 2017, this court granted the parties' "Joint Motion for Preliminary Approval of Settlement Agreement and Final Fairness Hearing" and the "Plaintiff's Unopposed Motion for Attorney's Fees and Costs." ("October 24 Order" [Doc. No. 68].) In the eighteen-page Order approving the settlement of the FLSA claims, the court made findings of fact and

conclusions of law regarding the existence of a bona fide dispute and a finding that the settlement proposed is fair and reasonable and also found the attorney fees and costs to be reasonable after analysis under the lodestar methodology. The court therefore adopts in full the October 24 Order and reaffirms the findings and conclusions therein as part of this final approval of settlement.

Before final approval of a settlement, the court must address the issue of final certification of the class or collective. *See Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095,1102–03 (10th Cir. 2001). In particular the court must determine whether class members are similarly situated. *Brown v. Money Tree Mortgage, Inc*., 222 F.R.D. 676, 679 (D. Kan. 2004). In deciding whether to grant final certification to a collective action, courts consider several factors, including: (1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *See Thiessen*, 267 F.3d at 1103; *Gassel v. Am. Pizza Partners, L.P.*, No. 14–CV–00291–PAB–NYW, 2015 WL 5244917, at *2 (D. Colo. Sept. 8, 2015).

In her Amended Complaint ("Am. Compl."), Plaintiff alleges that "Plaintiff and all other similarly situated employees were forced by Defendants and regularly worked overtime without proper pay." [Doc. No. 26, ¶ 38.] Plaintiff states, "Throughout Plaintiff's employment with Defendants, Plaintiff was paid at straight time rate for overtime hours recorded during many workweeks" (*id*., ¶ 42), and "[t]he other Supervisors and Customer Service Representatives were paid in a similar manner" (*id*., ¶ 43). In her Declaration attached to the Reply Plaintiff states she was "employed by Defendants as an hourly paid employee from approximately April 2014 to

December 2014 and from July 2015 to December 2015." [Doc. No. 30-2, ¶ 2.] Further, she states, "[t]hrough my employment time period with the Defendants, I worked in three (3) different positions – Customer Service Representative ("CSR"), Floor Lead and Floor Supervisor." [*Id.*, ¶ 3.] Plaintiff states that she supervised up to 35 CSRs and 2 Floor leads during her tenure of employment. [*Id.*, ¶¶ 16–17.] Plaintiff states that regardless of which job she was performing, "Defendants paid me at straight time rate for hours recorded over forty (40) in a workweek, without a premium." [*Id.*, ¶ 20.] Further, Plaintiff alleges, "Defendants' policy and practice of straight time rate for overtime pay was applicable the other CSRs, Floor Leads and Floor Supervisors" (*id*., ¶ 21) and that "[t]he payroll records will show on their face exactly what I'm complaining about on behalf of myself and all the others who were shorted pay" (*id*., ¶ 22). Plaintiff alleges that "[t]here are hundreds of hourly employees, such as CSRs, Floor Leads and Floor Supervisors, who were/are subjected to Defendants' wage policy and practice described above." [*Id.*, ¶ 24.] In her Amended Complaint, the Plaintiff concludes that "[a]t all relevant times, Plaintiff and all other similarly situated employees worked in the manner described above and Defendants encouraged, instructed, and required them to work in such manner." [Am. Compl., ¶ 54.] Further, Plaintiff alleges that Defendants automatically deducted lunch breaks from Supervisors' pay even though they worked through many of those unpaid lunch breaks and that Defendants failed to compensate Plaintiff and all other Supervisors wages for working off the clock and overtime compensation at time and a half (1.5) their regular rate of pay. [*Id.*, ¶¶ 87–88.]

After full opportunity to examine the opt-in Plaintiffs, the Defendant has not filed a de-certification motion and therefore has conceded that the Plaintiff opt-ins are similarly situated.

Therefore, it is ordered that the collective described as "all former and current hourly workers of Defendants from December 31, 2012 to the present who were paid at a straight time rate for overtime" is certified.

The settlement of a class action may be approved where the court finds that the settlement is fair, reasonable, and adequate. *Rutter & Wilbanks Corp. v. Shell Oil,* 314 F.3d 1180, 1186 (10th Cir. 2002). The court reviews a proposed class action settlement by considering four factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993) *abrogated on other grounds by Devlin v. Scardelletti*, 536 U.S. 1, 6 (2002). Each of these factors was thoroughly addressed by this court in the October 24 Order discussed *supra*.

Although § 216(b) may not require that a court hold a fairness hearing before approving a collective action settlement, courts generally require, at minimum, that opt-in plaintiffs be given notice of any settlement and an opportunity to object. *Tommey v. Computer Sciences Corp.*, Case No. 11–cv–2214–EFM, 2015 WL 1623025 at *1(D. Kan. April 13, 2015); *see also Goldsby v. Renosol Seating, LLC,* No. 2:08–0148–KD–N, 2013 WL 6535253, at *10 (S.D. Ala. Dec. 13, 2013)("[T]he majority of the courts approve [an FLSA collective action] settlement only after notice has been provided to the opt-in plaintiffs and a fairness hearing conducted, or at the least, what is required is a statement to the Court that the opt-in plaintiffs have had notice of the settlement and an opportunity to object."); *Gassel*, 2015 WL 5244917, at *3.

At the fairness hearing held November 27, 2017, both counsel represented that notice of the settlement had been sent to 242 opt-in plaintiffs and the named plaintiff. In that group, 24 notices were returned undeliverable with no forwarding address. Counsel represented that they were cooperatively working to ensure that concerted effort would be maintained to provide notice to the 24 opt-ins whose notice was returned to the Defendants.

The parties represented that no objections were filed by any collective members either with the court or with counsel for either side. *See In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990) ("No timely objection was raised by any Class Member to the proposed settlement.) The court is allowed to, and therefore does, give the lack of objections substantial weight in approving the proposed settlement. *See Tuten v. United Airlines, Inc.*, 41 F. Supp. 3d 1003, 1008 (D. Colo. 2014).

At the fairness hearing, both parties continued to represent that in their opinions the Settlement is fair and reasonable and that no facts have come to light since the court preliminary order which would change or influence the decision in a different direction. In light of the extensive examination of the fairness and reasonableness of the settlement set forth in the court's October 24 Order, the court will not set forth the same findings again here.

The court finds that the value of the Settlement greatly outweighs the possibility of recovery after protracted litigation. On this point, courts have held that the presumption in favor of voluntary settlement agreements is especially strong in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation. The strong judicial policy in favor of class action settlement contemplates a circumscribed role for the district courts in settlement review and approval proceedings. This policy also ties into the

strong policy favoring the finality of judgments and the termination of litigation. Settlement agreements are to be encouraged because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts. In addition to the conservation of judicial resources, the parties may also gain significantly from avoiding the costs and risks of a lengthy and complex trial. *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594 (3d Cir. 2010); *Tuten*, 41 F. Supp. 3d at 1007–08. Given this significant financial benefit to the Class, the court has little difficulty concluding that the presumption in favor of voluntary settlements has been satisfied here.

Based on these findings, and in accordance with the analysis set forth above, the court **ORDERS** as follows:

1. The collective described as "all former and current hourly workers of Defendants from December 31, 2012 to the present who were paid at a straight time rate for overtime" is certified;

2. The Settlement as described more fully in the October 24 Order and in the "Joint Motion for Preliminary Approval of Proposed Collective Settlement and Final Fairness Hearing Settlement Agreement" [Doc. No. 66], including the "Settlement and Release Agreement" [Doc. No. 66-2] is fully and finally **APPROVED**;

3. The Court awards attorneys' fees to the attorneys for the collective in the amount of $100,000.00, paid by Defendants over a period of twenty months;

4. The attorneys for the collective are awarded $25,000.00 as reimbursement for all expenses incurred in prosecuting this action, including for any expenses yet to be incurred in connection with safeguarding the administration of the collective;

5. Incentive awards of $2,000.00 to Desire Hodge and $500.00 each to Kathryn Fresquez and Sean Vance are approved;

6. Continuing jurisdiction is hereby retained over the parties and the collective members for all matters relating to the terms of the Settlement Agreement, including the administration, interpretation, effectuation or enforcement of the settlement embodied in the Settlement Agreement and this Order and Final Judgment; and

7. Under Rule 54(a) and (b) of the Federal Rules of Civil Procedure, this Order and constitutes final adjudication on the merits. Accordingly, the Clerk of the Court is directed to enter this Judgment forthwith.

Dated this 30th day of November, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge